

**John A. Schwimmer, OSB No. 04409**
johns@sussmanshank.com
**William G. Fig, OSB No. 95261**
billf@sussmanshank.com
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR  97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130

Attorneys for Plaintiff

FILED'05 AUG 23 10:30USDC-ORP

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

**D.A.D.S. DENIM, INC.**, a California corporation,

               Plaintiff,

      v.

**SILVER JEANS LTD.**, a Canadian corporation; **NORDSTROM, INC.**, a Washington corporation; **GLASS BUTTERFLY, INC.**, an Oregon corporation; **THE BUCKLE, INC.**, a Nebraska corporation; and **DOES 1 THROUGH 10, INCLUSIVE**,

               Defendants.

Case No. '051312MO

COMPLAINT For Copyright Infringement

DEMAND FOR JURY TRIAL

Plaintiff D.A.D.S. Denim, Inc. ("Plaintiff") alleges:

## JURISDICTION AND VENUE

1.     This action arises under the laws of the United States, 17 U.S.C. § 101, *et seq.* This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in

Page 1 – COMPLAINT



that all defendants or their agents reside or may be found in this district.

## THE PARTIES

3.     Plaintiff is a California corporation, with its principal place of business in California, doing business under the name of "Citizens of Humanity."

4.     Plaintiff is informed and believes and thereon alleges that defendant Silver Jeans Ltd. ("Silver Jeans") is a Canadian corporation, doing business under the name "Silver Jeans," that resides in this judicial district within the meaning of 28 U.S.C. § 1391.

5.     Plaintiff is informed and believes and thereon alleges that defendant Nordstrom, Inc. ("Nordstrom") is a Washington corporation that resides in this judicial district within the meaning of 28 U.S.C. §1391.

6.     Plaintiff is informed and believes and thereon alleges that defendant Glass Butterfly, Inc. ("Glass Butterfly") is an Oregon corporation that resides in this judicial district within the meaning of 28 U.S.C. § 1391.

7.     Plaintiff is informed and believes and thereon alleges that defendant The Buckle, Inc. ("Buckle") is a Nebraska corporation that resides in this judicial district within the meaning of 28 U.S.C. § 1391.

8.     Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does 1 through 10 and, therefore, sues such defendants by such fictitious names.  Plaintiff will amend this complaint when the true names and capacities are ascertained.  On information and belief, each of the fictitiously named defendants was the principal, agent, employee, or co-conspirator of one or more of the named

Page 2 – COMPLAINT

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

defendants or aided and assisted the named defendants in doing the wrongful acts alleged herein, and Plaintiff's damages as alleged herein were proximately caused by such defendants. Silver Jeans, Nordstrom, Glass Butterfly, Buckle, and Does 1 through 10 are referred to herein collectively as "Defendants."

9.      Plaintiff is informed and believes and thereon alleges that, in doing the acts alleged herein, each of the Defendants was the agent, principal, employee, representative, or alter ego of one or more of the other Defendants, or acted with one or more of the other Defendants' knowledge, consent, and approval, and acted within the course and scope of their agents in their representative capacities.

## PLAINTIFF'S COPYRIGHT

10.      Plaintiff created an original design known as the "Dylan Skylar Design." The Dylan Skylar Design was registered by the Copyright Office effective January 30, 2003, as copyright no. VA 1-174-415 ("Copyrighted Design"). Plaintiff is the exclusive owner of the copyright in and to the Copyrighted Design. At all relevant times, Plaintiff has complied with all applicable laws governing the copyright of the Copyrighted Design.

11.      Plaintiff creates and sells high-end denim apparel products, such as pants, among other things. Plaintiff's denim apparel products contain reproductions of the distinctive Copyrighted Design on the rear pockets. Plaintiff's denim apparel products bearing the Copyrighted Design on the rear pockets are very high quality.

Page 3 – COMPLAINT

## DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S COPYRIGHT

12.    Defendants had access to the Copyrighted Design because Plaintiff's denim apparel products that incorporated the Copyrighted Design have been sold publicly in retail stores across the United States (and in Canada, Europe, and Asia), as well as through websites.  Plaintiff's denim apparel products containing the Copyrighted Design have also been widely advertised and have generated extensive media attention.

13.    Plaintiff is informed and believes and thereon alleges that defendant Silver Jeans knowingly and willfully copied the Copyrighted Design by copying it onto the rear pockets of denim apparel products.

14.    Defendants have further infringed Plaintiff's copyright by causing or authorizing the manufacture, importation, exportation, distribution, advertising, offering for sale, or sale of denim apparel products that bear designs on the rear pockets that were copied from Plaintiff's Copyrighted Design (the "Infringing Products"), without Plaintiff's consent.

15.    The Infringing Products contain a design that is substantially similar, if not virtually identical, to Plaintiff's Copyrighted Design.

16.    Plaintiff notified defendant Silver Jeans that the Infringing Products sold and distributed by Defendants infringed the Copyrighted Design.    Despite this notification, Defendants have continued to engage in the wrongful conduct described above.

17.    Plaintiff is informed and believes and thereon alleges that each of the Defendants has received a direct financial benefit from the infringement of the

Page 4 – COMPLAINT

Copyrighted Design.

18.     Plaintiff is informed and believes and thereon alleges that Defendants' Infringing Products are inferior in quality to Plaintiff's denim apparel products that contain the Copyrighted Design.

19.     The sale and distribution of Infringing Products as engaged in by Defendants have damaged, and will continue to damage, Plaintiff's reputation.

20.     Defendants' unlawful activities have resulted, and will continue to result, in irreparable harm and injury to Plaintiff by, among other things, displacing sales of Plaintiff's products, confusing the public about Plaintiff's products, and injuring Plaintiff's reputation and goodwill.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement Against All Defendants)

21.     Plaintiff incorporates by reference paragraphs 1 through 20, above.

22.     Plaintiff has complied in all respects with the copyright laws of the United States, including 17 U.S.C. § 101, *et seq.,* and has secured the exclusive rights and privileges in and to the Copyrighted Design.

23.     Plaintiff is informed and believes and thereon alleges that defendant Silver Jeans willfully infringed the Copyrighted Design by copying such design, including copying it onto the Infringing Products, without Plaintiff's consent.

24.     Plaintiff is informed and believes and thereon alleges that all of the Defendants have willfully infringed the copyright to the Copyrighted Design by manufacturing, importing, exporting, distributing, advertising, offering for sale, or selling

Page 5 – COMPLAINT

Infringing Products without Plaintiff's consent.

25.    By virtue of Defendants' willful infringement, Plaintiff is entitled to maximum statutory damages or to its actual damages and Defendants' profits, whichever Plaintiff elects to recover.  Plaintiff will elect whether or not to seek statutory damages prior to final judgment.  Plaintiff is also entitled to attorneys' fees by virtue of Defendants' infringement.

26.    Defendants' acts have caused, and will continue to cause, irreparable harm and injury to Plaintiff.  Plaintiff has no adequate remedy at law.  Accordingly, Defendants should be enjoined and restrained during the pendency of this action, and permanently thereafter, from directly or indirectly manufacturing, distributing, importing, exporting, advertising, offering for sale, or selling any Infringing Products.  Plaintiff is further entitled to an order impounding all Infringing Products in Defendants' possession, custody, or control.  In addition, Defendants should be ordered to recall any and all Infringing Products from all persons or entities to whom the Infringing Products were sold or otherwise distributed and to advise all such persons or entities that continued distribution of the Infringing Products could expose such persons or entities to liability.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For a temporary restraining order, preliminary injunction, and permanent injunction enjoining all Defendants, and their agents, employees, representatives, partners, joint venturers, and anyone acting on behalf of, or in concert with, Defendants, from directly or indirectly manufacturing, distributing, importing, exporting, advertising,

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

offering for sale, or selling any Infringing Products;

2.    For a temporary restraining order, preliminary injunction, and permanent injunction requiring the impoundment and destruction of all of the Infringing Products in Defendants' possession, custody, or control, and of all marketing, advertising, or promotional materials depicting any Infringing Products in Defendants' possession, custody, or control;

3.    For a temporary restraining order, preliminary injunction, and permanent injunction requiring Defendants to recall any and all Infringing Products from all persons or entities who received such Infringing Products from Defendants;

4.    For Plaintiff's actual damages and Defendants' profits resulting from Defendants' unlawful activities, according to proof;

5.    Alternatively, for maximum statutory damages authorized by the Copyright Act for Defendants' willful infringement of Plaintiff's copyright;

6.    For attorneys' fees;

7.    For costs of suit; and

8.    For such other and further relief as the court may deem just and proper.

Dated this _22nd_ day of August 2005.

SUSSMAN SHANK LLP

By _____

John A. Schwimmer, OSB No. 04409
William G. Fig, OSB No. 95261
(503) 227-1111
Attorneys for Plaintiff

Page 7 – COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues triable to a jury.

Dated this _____ day of August 2005.

SUSSMAN SHANK LLP

By _____

John A. Schwimmer, OSB No. 04409
William G. Fig, OSB No. 95261
(503) 227-1111
Attorneys for Plaintiff

Page 8 – COMPLAINT